This was an adjourned Case from the Superior Court of Monongalia, on an Indictment for assault and battery. Two questions arose, and were referred to the General Court for its decision, viz : 1. Whether an outlawry lies *in a case of misdemeanor ? (a) And 2. How and by whom the *217 judgment of outlawry was to be pronounced? The following- opinion of the Court was prepared by Judge Bouldin :
“ The Indictment in this Case being found a true bill, a Venire Facias was awarded and returned executed, but the Defendant not appearing, a Capias was awarded, followed by an Alias Capias and Pluries, all of which were returned “ no inhabitant,” except the last, which is returned “ not found.” On the motion of the Attorney for the Commonwealth, an Exigent was awarded, requiring that the Defendant be called from County Court to County Court until, according to the Daws and customs of the Commonwealth, he be outlawed. This Writ is returned, shewing the Defendant had been exacted from County Court to County Court, for five Courts successively. The return also states, that the Defendant is, by the judgment of the Coroner, outlawed, but the name of the Coroner is not set forth. Whereupon, the Attorney for the Commonwealth moved the Court to award a Writ of Capias Utlagatum against the Defendant, and the questions of Daw arising upon the said motion being considered new and difficult, were adjourned to this Court. On consideration whereof, this Court is of opinion:
1. That a party indicted for a trespass with force and arms, may be prosecuted to outlawry.
2. That the steps taken with that view in this Case, were all regular, except as follows : 1. The return of the Sheriff to the Capias and Alias Capias, ought to have been “ not found.” 2. The Sheriff in his return (to the Exigent) ought to have stated the name of the Coroner by whom judgment of outlawry, as aforesaid, was pronounced, (b)
*But, this Court is further of opinion, that at the time the motion was made for the Writ of Capias Utlagatum, as aforesaid, it was not proper for the Circuit Court to look back into the Record for errors therein ; but notwithstanding any such errors, the Writ should have been awarded, if the return of the Exigent had been accompanied by such judgment of outlawry, as the Daw requires ; which, in the opinion of this Court, is not shewn by the record in this case, inasmuch as the name of the Coroner who pronounced the said judgment of outlawry is not stated. The Court is therefore of opinion, that the said motion for the Commonwealth should be over-ruled, and a Certiorari be awarded, directed to the Sheriff and Coroner of the county of Monongalia, (c) requiring them to certify the judgment of outlawry, aforesaid, to the said Superior Court more fully ; whereupon, if it appear that the said Abraham Hale is outlawed by the judgment of the proper Coroner, a Capias Utlagatam should issue, the errors in the previous process, and returns thereof, Ipeing matters of which the Defendant may avail himself, upon being taken, or otherwise appearing. All which is ordered to be certified to the said Superior Court of Daw.”
Note (in edition of 1853).—The foregoing Case and the two following ones, of the Commonwealth v. Anderson, and Hagerman, were adjourned to the General Court, principally in consequence of its being doubted, whether the Coroner in this country, was to pronounce the judgment of outlawry, or whether it was to be entered as the judgment of the Court. The practice had been both ways. In England, judgment of outlawry was always given by the Coroner, at the fifth County Court, upon the party's not appearing to the Exigent, and such judgment is thus entered, in the Sheriff's return: “Therefore, by the judgment of D. F. S. gentleman, and P. L. gentleman, Coroners of our said Lord the King, of the said county of S. the said J. Y. Ja. Y. and Jo. Y. are outlawed, and each of them is severally outlawed.” See King v. Yandells, 4 T. R. 530, where such return was adjudged sufficient, and one of the Defendants sentenced to be hanged thereupon, and Vide 2 Hawk. ch. 48, § 21, &c. This seems to have been done by the Coroner in the Sheriff’s Court, for which reason, and because the organization of our County Courts is so different, and our Act concerning Coroners, does not embrace this one, among his duties : it was supposed by some, that he could not pronounce the judgment of outlawry. But after great consideration, the General Court was of opinion, that it could not depart from the Common Law mode of proceeding, however that might have originated ; and the rather, because the substitution of another mode would be attended with great difficulties; as for example, if the Court pronounced the judgment of outlawry, how was the Writ of Error to reverse it, for an Error in Daw to be obtained ? It being a settled principle, that the same Court cannot reverse its own judgments for Errors in Law.

 Our Act of Assembly is silent on this subject. It only directs, that upon Presentment made by the Grand Jury, of an offence not capital, or punishable by confinement in the Public Jail and Penitentiary-house, the Court shall order the Clerk to issue a Summons, or other proper process, against the per *217 son so presented, to appear and answer the Presentment. 1 Rev. Code, 812. And in another place declares, that upon Presentment, Indictment, or Information, in any Court of Record, the Court may direct all proper process, &c. Ib. 604. The General Court went upon the Common Law. See Wilkes’s Case. 4 Burrow, 2557; where the doubt which induced the adjournment of this question, is suggested and answered by Lord Mansfield, and all the authorities cited and explained.

 For this position, no authority is cited in the opinion ; but 1 Chitty’s Cr. Law, 356; 4 Term Rep. 542, and Cro. Jac. 528: into which the Court looked, fully establish it.

 That a Certiorari is proper in such case: See Rast. Ent. 332, a. b,; 2 H. H. P. C. 399; 2 Hawkins, 446, ch. 48, § 22; and 1 Chitty’s Cr. Law.